UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HIEUGOD TRAN,<br><br>Defendant. | No. CR 26-00076-DMG<br><br>ORDER RE *EX PARTE* APPLICATION TO UNSEAL DOCUMENTS [15] |

On May 18, 2026, the Government filed an unopposed *ex parte* application with a request to "unseal the docket," unseal the "transfer-in documents" at docket entry # 4, and unseal the arrest warrant at docket entry # 7 [Doc. # 15 at 1 and 2].[1] The declaration accompanying the application indicates that the indictment in the underlying case has been sealed presumably by the court in the District of Nevada.

---

[1] Citations are to the page numbers inserted by the CM/ECF pagination system.

As a preliminary matter, "the docket" in this case has not been sealed. While certain of the specific documents that the Government has identified have been sealed, it is unclear to the Court why the Government needs any of the sealed documents to respond to Defendant's preliminary revocation hearing. It is not the practice of the Court to unseal arrest warrants. Nor is the Court aware of any authority it has to unseal an indictment that has been sealed in a case pending in another district.

Accordingly, the Government's *ex parte* application is DENIED. To the extent the Government has not already received information from the United States Probation and Pretrial Services Office ("USPPSO") detailing the basis for the petition for revocation of supervised release, the Court directs the USPPSO to provide that information to the Government.

IT IS SO ORDERED.

DATED:  May 19, 2026

_____
DOLLY M. GEE
Chief United States District Judge

cc:  USPPO

2